# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KELVIN STEPHENS, on behalf of himself and on behalf of all others similarly situated as defined herein,<br><br>　　Plaintiff,<br><br>v.<br><br>DIRECT GENERAL INSURANCE COMPANY; DIRECT GENERAL INSURANCE AGENCY, INC.,<br><br>　　Defendants. | Case No.: _____ |

## NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendants Direct General Insurance Company and Direct General Insurance Agency, Inc. (collectively, "Direct General" or "Defendants") hereby remove the above-entitled action from the Superior Court of Gwinnett County to the United States District Court in and for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1441(b), 1446, 1453, and 1332(d).

In support of this notice of removal, Direct General states to the court as follows:

　　1.　　On March 1, 2022 Plaintiff Kelvin Stephens ("Plaintiff") commenced this action by filing a complaint against Direct General in the Superior Court of

Gwinnett County ("Complaint") entitled *Kelvin Stephens v. Direct General Insurance Company*, Case No. 22-A-01585-9 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other pleadings in the state court file are attached hereto as **Exhibit 1**.

2.  The Complaint alleges that Plaintiff purchased "traditional" underinsured motorists coverage ("UIM") from Direct General with limits of $25,000 per person and $50,000 per accident, which is the statutorily mandated minimum coverage that may be purchased by a driver in Georgia. (Exhibit 1, Compl. ¶¶ 4, 12, 21). Plaintiff asserts that Direct General "designed and implemented a scheme to include purported UIM coverage and collect premiums for UIM, while also ensuring that claims for UIM coverage would not be paid by Defendants." (*Id.* ¶14). As a result, Plaintiff asserts that the UIM coverage sold by Direct General to him and other Georgia consumers is "illusory and worthless." (*Id.* ¶ 6).

3.  Plaintiff seeks to represent a class of "[a]ll Georgia citizens residing in the state of Georgia who, within six (6) years of the filing of this action, were sold an auto policy containing Defendants' 'Traditional' UIM coverage under O.C.G.A. §33-7-11(b)(1)(D)(ii)(II) with coverage limits of $25,000 per person/$50,000 per accident." (*Id.* ¶ 37).

4.  Plaintiff asserts six causes of action: (1) negligence; (2) breach of

contract; (3) fraud and misrepresentation; (4) fraudulent suppression and concealment; (5) unjust enrichment; and (6) declaratory and injunctive relief.

5. Notice of the filing of this Notice of Removal has been provided to Plaintiff by service of a copy of this Notice of Removal as required by 28 U.S.C. § 1446(d).  A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court for Gwinnett County, Georgia in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of that filing.

## TIMELINESS OF REMOVAL

6. Direct General was served with process on March 4, 2022 through its registered service agent, Corporation Service Company (CSC) in North Carolina. In accordance with 28 U.S.C. § 1446, this Notice of Removal is timely filed within thirty (30) days of Direct General's notice and receipt of Plaintiff's Complaint.

## VENUE

7. Venue is proper in this Court because Plaintiff filed this matter in the Superior Court of Gwinnett County, Georgia, which lies within the Northern District of Georgia.  *See* 28 U.S.C. §§ 84(b), 1441(a).

## REMOVAL OF THIS ACTION IS APPROPRIATE UNDER CAFA

8. This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(2).  As such, removal is appropriate under 28 U.S.C. §§ 1453 and 1446 because this action (i) involves 100

or more putative class members; (ii) at least one putative class member is a citizen of a state different from that of a least one Defendant; and (iii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2) & (d)(6).

### A. There Are More Than 100 Putative Class Members.

9. From March 2016 to present, Direct General has sold approximately 40,000 policies containing UIM coverage at issue in Plaintiff's Complaint to individuals in the State of Georgia. Declaration of Rose Chrustic, attached hereto as **Exhibit 2**, ¶ 4.  The size of the putative class therefore exceeds the minimum threshold of 100 members under CAFA.

### B. The Parties Are Sufficiently Diverse.

10. CAFA requires only minimal diversity for the purposes of establishing federal jurisdiction; at least one purported class member must be a citizen of a state different than at least one named defendant.  28 U.S.C. § 1332(d)(2)(A).  Here, such minimal diversity exists among the parties.

11. Plaintiff is a natural person and a citizen of Georgia.  (Exhibit 1, Compl. ¶ 8).

12. Defendant National General Insurance Co. is incorporated in Indiana and has its principal place of business in North Carolina.  It is thus a citizen of Indiana and North Carolina.

13. Defendant National General Insurance Agency is incorporated in Tennessee and has its principal place of business in North Carolina. It is thus a citizen of Tennessee and North Carolina.

### C. The Amount in Controversy Meets the CAFA Threshold.

14. Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(d)(2). The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the $5,000,000 threshold. 28 U.S.C. § 1332(d)(6).

15. "[A]ll that is required" for purposes of pleading is "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

16. Plaintiff's Complaint alleges that he "and no class member would pay premiums for UIM coverage that was useless, illusory, and provided no UIM protection" (Exhibit 1, Compl. ¶ 56), and he seeks as relief (in part) the return of all "monies paid for such illusory coverage" as described in the Complaint (*id.* ¶ 66(b)).

17. As provided in the Declaration of Rose Chrustic, the written

premiums for the at-issue UIM coverage sold by Direct General to Georgia consumers during the class period is approximately $5.3 million. Exhibit 2, ¶ 5. This amount plainly exceeds the $5,000,000 amount in controversy threshold.

18.  Additionally, the Eleventh Circuit has determined that Section 1332(d)(2)'s amount in controversy requirement may include the value of injunctive and declaratory relief. Specifically, "the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315–16 (11th Cir. 2014) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000)). In Plaintiff's claim for relief under Count VI (Declaratory and Injunctive Relief), he requests that Direct General "be compelled to stop their practice of failing to provide UIM coverage . . ." (Exhibit 1, Compl., ¶ 68). In other words, Plaintiff requests that Direct General be compelled to provide *additional* coverage to the proposed class—coverage Plaintiff contends currently does not exist because "'Traditional' UIM coverage . . . with coverage limits of $25,000 per person/$50,000 per accident" is "illusory" (*id.*, at ¶ 37)—without any additional payment of premiums to Direct General. Plaintiff thus seeks relief that would provide "extra" coverage valued at $25,000 per person and $50,000 per accident for the proposed class policies.

19.  Although Defendants dispute Plaintiff's right to both recoup

premiums and obtain injunctive relief compelling Defendants to provide additional insurance coverage, the Complaint puts those amount in controversy. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir.2009)) ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover."). Thus, in addition to the return of premium discussed above (which itself exceeds $5,000,000), the purported "monetary value of the benefit that would flow to the plaintiff [class]" (*S. Fla. Wellness, Inc.*, 745 F.3d at 1315–16) under Count VI may be valued, at a minimum, at $25,000 per person/$50,000 per accident for each of the approximately 40,000 policies within the putative class, *see* Exhibit 2, ¶ 4, totaling $2,000,000,000 in additional per accident coverage. *See S. Fla. Wellness*, 745 F.3d at 1316–18 (where plaintiff sought declaration that coverage owed under insurance policy was greater than what defendant provided, amount in controversy included additional amount of coverage that would be due under plaintiff's theory, even where plaintiff did not seek to recover monetary damages in that amount). The amount in controversy related to Plaintiff's injunctive relief claim *alone* therefore exceeds the $5,000,000 threshold. When combined with the compensatory damages Plaintiff seeks, the CAFA amount in controversy requirement far

exceeded.

## **CONCLUSION**

20. Accordingly, all of the CAFA jurisdictional requirements are met: (i) the action involves 100 or more putative class members; (ii) at least one putative class member is a citizen of a state different from at least one Defendant; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The action therefore is properly removed to this Court. 28 U.S.C. § 1453.

Submitted this 1st day of April, 2022.

                DENTONS US LLP

                */s/ Jeffrey A. Zachman*
                Jeffrey A. Zachman
                GA Bar No.: 254916

                303 Peachtree St., NE, Suite 5300
                Atlanta, GA 30308
                Telephone: (404) 527-4000
                Email: Jeffrey.zachman@dentons.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned attorney herby certifies that the foregoing ***NOTICE OF REMOVAL*** was prepared in accordance with N.D. Ga. L.R. 5.1, using Times New Roman, font, 14 point.

By: */s/ Jeffrey A. Zachman*
Jeffrey A. Zachman

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically send notification of such filing to all counsel of record, and sent the same by U.S. mail to the following:

R. Brent Irby
Irby Law, LLC
2201 Arlington Avenue S.
Birmingham, AL 35205

A. Danielle McBride
William Gregory Dobson
Michael J. Lober
Lober & Dobson, LLC

Todd L. Lord
Law Office of Todd L. Lord
PO Box 901
4 Courthouse Square
Cleveland, Georgia 30528

By: */s/ Jeffrey A. Zachman*
Jeffrey A. Zachman